

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

## NO. WR-85,904-01

### EX PARTE MASHAUN LONELL HIRSCHLER, Applicant

### ON APPLICATION FOR A WRIT OF HABEAS CORPUS
### CAUSE NO. 13-0615-K368 A IN THE 368TH DISTRICT COURT
### FROM WILLIAMSON COUNTY

*Per curiam*.

### O P I N I O N

Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. *Ex parte Young*, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Pursuant to a plea bargain, Applicant was convicted of the lesser included offense of robbery and sentenced to five years' imprisonment. He did not appeal his conviction.

Applicant contends that his plea was involuntary because the State did not disclose that the alleged victim in the case was shown a photographic line-up and could not identify Applicant in that line-up. The parties have entered agreed findings of fact and conclusions of law, and the trial court

has determined that Applicant's plea was involuntary because he was not informed the victim in the case could not identify him in a photographic line-up prior to his plea. The trial court also found that the Sheriff's Office stated that the photo line-up was never documented in a report and was not turned over to the District Attorney's Office; the Sheriff's Office reported that the District Attorney's Office never received, nor can the Sheriff's Office locate, any of the physical evidence, written statements, or a recording of an in-custody interview with Applicant; the State did not disclose evidence favorable and material to Applicant; and, Applicant would not have pleaded guilty had he known that the alleged victim could not identify him in a photographic line-up. Applicant is entitled to relief. *Brady v. Maryland*, 373 U.S. 83 (1963); *Ex parte Kimes*, 872 S.W.2d 700, 702-703 (Tex. Crim. App. 1993).

Relief is granted. The judgment in Cause No. 13-0615-K368 in the 368th District Court of Williamson County is set aside, and Applicant is remanded to the custody of the Sheriff of Williamson County to answer the charges as set out in the indictment. The trial court shall issue any necessary bench warrant within 10 days after the mandate of this Court issues.

Copies of this opinion shall be sent to the Texas Department of Criminal Justice–Correctional Institutions Division and Pardons and Paroles Division.

Delivered: November 16, 2016
Do not publish